THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRIDGET LENARD, | ) | FILED: APRIL 16, 2008 |
| | ) | 08CV2173     TC |
| Plaintiff, | ) | JUDGE ST. EVE |
| | ) | MAGISTRATE JUDGE BROWN |
| v. | ) No. | |
| | ) | |
| MULTI-AD SERVICES, INC., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | Jury Demanded |

## COMPLAINT

NOW COMES the Plaintiff, BRIDGET LENARD, by and through her attorneys, HOLMAN & STEFANOWICZ, LLC, for her complaint against the Defendant MULTI-AD SERVICES, INC., states as follows:

### INTRODUCTION

1. This action seeks redress for adverse employment decisions and/or actions by the Defendant "because of" or "on the basis of" the Plaintiff's sex, particularly her pregnancy, in violation of the Plaintiff's rights of equal protection under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 *et seq*. The Plaintiff seeks declaratory and injunctive relief as well as monetary damages for her injuries.

### JURISDICTION AND VENUE

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

3. On July 11, 2007, the Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) and the Illinois Department of Human Rights (IDHR), alleging sex discrimination on the basis of her pregnancy in violation of Title VII.

4. On March 19, 2008, the Plaintiff received a notice of Right-To-Sue on her EEOC Charge. (A copy of the Plaintiff's notice is attached hereto as Exhibit A.)

5. The Plaintiff's Title VII cause of action is being filed within 90 days of the receipt of her notice of Right-To-Sue.

6. Venue is proper in the Northern District of Illinois under 28 U.S.C. § 1391(a) because all the events giving rise to the Plaintiff's claims occurred within this District, and at all times relevant hereto the Plaintiff was a resident of this District, and the Defendant does business within this District.

## PARTIES

7. The Plaintiff, BRIDGET LENARD ("Lenard"), is a female citizen residing in the City of Naperville, which is located in DuPage County, Illinois. As a female, Lenard is protected by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"), from adverse employment decisions and/or actions "because of" or "on the basis of" her sex. As such, Title VII protects Lenard from adverse employment decisions and/or actions including, but not limited to, because of or on the basis of pregnancy, childbirth or related medical conditions. See 42 U.S.C. § 2000e(k)

8. At all time relevant hereto, the Defendant, MULTI-AD SERVICES, INC. ("Multi-Ad"), is and was a corporation doing business in the State of Illinois.

9.      At all time relevant hereto, the Defendant, Multi-Ad, is and was an employer under Title VII in that Multi-Ad engages in an industry affecting commerce and has approximately one hundred fifty (150) employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.  42 U.S.C. § 2000e(b).

10.     The Defendant, Multi-Ad, is responsible for the acts of their supervisors and/or managers who were acting within the scope of their employment and pursuant to a policy, custom, and/or practice and pattern of discrimination "on the basis of" and/or "because of" sex.

## FACTS UPON WHICH CLAIM IS BASED

11.     On or about August 7, 2006, Plaintiff Lenard began working for Defendant Multi-Ad as a territory manager, which required Lenard to sell Multi-Ad's products and services to manufacturers.

12.     Plaintiff Lenard was employed by Defendant Multi-Ad from August 2006 until May 21, 2007, at which time Multi-Ad terminated her employment.

13.     At all times relevant hereto, Barry M. Rapp ("Rapp") is and was a sales manager for Defendant Multi-Ad who acted as Plaintiff Lenard's direct supervisor.  In his capacity as sales manager, Rapp was responsible for recruiting and terminating Multi-Ad employees, including Lenard.

14.     During her employment with Mutli-Ad, Plaintiff Lenard always met her sales quota and objectives.  Lenard maintained her consistent performance even when other salespersons failed to meet their objectives.

15. In addition to her exceptional performance, Plaintiff Lenard never took a sick day during her entire employment with Defendant Multi-Ad and always accepted sales assignments that involved travel.

16. In or about February 2007, Plaintiff Lenard told Rapp, her direct supervisor, that she was pregnant. Rapp responded by saying, "Bad timing, but congratulations I guess." Rapp also advised Lenard that she should travel more during her pregnancy because, "people will feel bad for you and buy more from you."

17. In May 2007, Rapp asked Plaintiff Lenard to represent Defendant Multi-Ad at a trade show on May 6, 2007 through May 8, 2007. Upon Lenard accepting the assignment, Lenard received from Multi-Ad a size medium shirt to wear at the trade show even though she was nearly six months pregnant, and thus, required a bigger shirt. The shirt that was given to Lenard barely came over her stomach, yet her supervisor, Rapp, required her to wear the shirt to the trade show.

18. On May 21, 2007, Rapp said to Plaintiff Lenard "Wow, you're really getting bigger." Also on May 21, 2007, Rapp told Lenard, "As of today, you are fired." When Lenard sought an explanation for her termination, Rapp told her it was **not** because of poor work performance. During the same conversation, Rapp told Lenard that he was interviewing another salesperson. Upon Lenard's further request for a reason for her termination, Rapp told Lenard, "I am concerned about your ability to travel."

19. At the time of her termination, Plaintiff Lenard was nearly six (6) months pregnant.

20.　　At the time of her termination, Plaintiff Lenard was the only salesperson that reported directly to Rapp that was pregnant, and but for her improper termination would have been the only female salesperson reporting to Rapp with a child.

21.　　Defendant Multi-Ad reported to the Department of Unemployment Compensation that Plaintiff Lenard was terminated because "her supervisor [Rapp] decided she could no longer do the job."

22.　　Title VII of the Civil Rights Act of 1964 prohibits discrimination "because of sex" or "on the basis of sex"; the terms "because of sex" or "on the basis of sex" include, but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions.  See 42 U.S.C. § 2000e(k)

### COUNT I
### (Title VII Violation – Sex Discrimination)

23.　　Plaintiff Lenard restates and realleges by reference paragraphs 1 through 22 above as though fully set forth herein.

24　　Plaintiff Lenard, who was pregnant at the time Rapp terminated her employment with Defendant Multi-Ad, was improperly terminated "because of her sex" and/or "on the basis of her sex", particularly her pregnancy. See 42 U.S.C. § 2000e(k).

25.　　The actions of Defendant Multi-Ad, as described and complained of herein, are unlawful employment practices in that they likely have the effect and did have the effect of discriminating against, depriving and tending to deprive equal employment to, and otherwise adversely affected Lenard "because of" and/or "on the basis of" her sex, particularly her pregnancy, in violation of the Civil Rights Act of 1964, as amended by 42 U.S.C. § 2000e, *et seq*.

26. Defendant Multi-Ad's conduct was outrageous, malicious, willful, wanton and intentional. Punitive damages are necessary to punish Multi-Ad and to serve as a deterrent to such conduct.

27. The actions of Defendant Multi-Ad, through its employee-supervisor, Rapp, have caused Plaintiff Lenard great mental anguish, humiliation, degradation, inconvenience, and emotional pain and suffering all to her damage.

28. The actions on Defendant Multi-Ad have caused and continue to cause Plaintiff Lenard substantial losses wages and benefits, future pecuniary losses, and other consequential damages.

WHEREFORE, Plaintiff Bridget Lenard respectfully requests:

   a. All wages and benefits the Plaintiff would have received but for the discrimination, including pre-judgment interest;

   b. Compensatory damages in an amount to be determined at trial to compensatory the Plaintiff for depression, humiliation, anguish, emotional distress, and defamation, cause by Defendant's conduct;

   c. That Defendant Multi-Ad be required to pay prejudgment interest to the Plaintiff on these damages;

   d. Award the Plaintiff punitive damages;

   e. A permanent injunction enjoining Defendant Multi-Ad from engaging in the discriminatory practices complained of herein;

   f. A permanent injunction requiring Defendant Multi-Ad to adopt employment practices and policies in accord and conformity with the requirements of Title VII, 42 U.S.C. § 2000e *et seq.*; and

   g. An award of reasonable attorneys' fees, costs and litigation expenses.

THE PLAINTIFF DEMANDS TRIAL BY JURY.

Respectfully submitted,
PLAINTIFF,

s/ Brian R. Holman

_____
By:    One of her Attorneys

Brian R. Holman
Dennis H. Stefanowicz, LLC
Tara Beth Davis
HOLMAN & STEFANOWICZ, LLC
Attorneys for the Plaintiff
30 South Wacker Drive, Suite 2425
Chicago, Illinois 60606
(312) 258-9700

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**NOTICE OF RIGHT TO SUE** *(ISSUED ON REQUEST)*

| To: | Bridget Lenard<br>1699 Smokey Court<br>Naperville, IL 60563 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2800<br>Chicago, IL 60661 |
|---|---|---|---|

CERTIFIED MAIL: #7000 0600 0022 1012 6207

08CV2173   TC
JUDGE ST. EVE
MAGISTRATE JUDGE BROWN

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2007-06299 | Shuwn Hayes, Investigator | (312) 353-8194 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*John P. Rowe*   3/19/08
John P. Rowe,
District Director
(Date Mailed)

Enclosures(s)

cc:   MULTI-AD SERVICES, INC.

EXHIBIT
A