IN THE UNITED STATES DISTRICT COURTS,
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| BRIDGET LENARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 08 CV 2173 |
| ) | |
| MULTI-AD SERVICES, INC. ) | JUDGE ST. EVE |
| ) | |
| Defendant. ) | MAGISTRATE JUDGE BROWN |
| ) | |
| ) | JURY DEMANDED |

**DEFENDANT MULTI-AD SERVICES, INC.'S**
**ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES**

NOW COMES DEFENDANT, MULTI-AD SERVICES, INC'S., by and through its attorneys Husch Blackwell Sanders and in answer to Plaintiff's Complaint states as follows:

**INTRODUCTION**

1. This action seeks redress for adverse employment decisions and/or actions by the Defendant "because of" or "on the basis of" the Plaintiff's sex, particularly her pregnancy, in violation of the Plaintiff's rights of equal protection under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 *et seq*. The Plaintiff seeks declaratory and injunctive relief as well as monetary damages for her injuries.

**ANSWER:** Defendant denies the allegations contained in paragraph 1, and demands strict proof thereof.

**JURISDICTION AND VENUE**

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

**ANSWER:** Defendant does not answer the allegations contained in paragraph 2, as they are a statement of law.

3. On July 11, 2007, the Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) and the Illinois Department of Human Rights (IDHR), alleging sex discrimination on the basis of her pregnancy in violation of Title VII.

**ANSWER:** Defendant admits that a charge was filed with the EEOC and IDHR, but denies any allegations contained therein.

4. On March 19, 2008, the Plaintiff received a notice of Right-To-Sue on her EEOC Charge. (A copy of the Plaintiff's notice is attached hereto as Exhibit A.)

**ANSWER:** Defendant admits that there is a document attached as Exhibit A to this complaint.

5. The Plaintiff's Title VII cause of action is being filed within 90 days of the receipt of her notice of Right-To-Sue.

**ANSWER:** Defendant admits the allegations contained in paragraph 5.

6. Venue is proper in the Northern District of Illinois under 28 U.S.C. § 1391(a) because all the events giving rise to the Plaintiff's claims occurred within this District, and at all times relevant hereto the Plaintiff was a resident of this District, and the Defendant does business within this District.

**ANSWER:** Defendant denies the allegations contained in paragraph 6.

## PARTIES

7. The Plaintiff, BRIDGET LENARD ("Lenard"), is a female citizen residing in the City of Naperville, which is located in DuPage County, Illinois. As a female, Lenard is protected by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII"), from

adverse employment decisions and/or actions "because of" or "on the basis of" her sex. As such, Title VII protects Lenard from adverse employment decisions and/or actions including, but not limited to, because of or on the basis of pregnancy, childbirth or related medical conditions. See 42 U.S.C. § 2000e(k)

**ANSWER:**   Defendant admits that plaintiff is a female citizen residing in Naperville which is located in DuPage County, Illinois.  Defendant does not answer the rest of the allegations contained in paragraph 7 as they are a statement of law.

8.   At all time relevant hereto, the Defendant, MULTI-AD SERVICES, INC. ("Multi-Ad") is and was a corporation doing business in the State of Illinois.

**ANSWER:**   Defendant admits the allegations contained in paragraph 8.

9.   At all time relevant hereto, the Defendant, Multi-Ad, is and was an employer under Title VII in that Multi-Ad engages in an industry affecting commerce and has approximately one hundred fifty (150) employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year. 42 U.S.C. § 2000e(b).

**ANSWER:**   Defendant admits that it is an employer as provided under Title VII.

10.   The Defendant, Multi-Ad, is responsible for the acts of their supervisors and/or managers who were acting within the scope of their employment and pursuant to a policy, custom, and/or practice and pattern of discrimination "on the basis of" and/or "because of" sex.

**ANSWER:**   Defendant denies the allegations contained in paragraph 10.

### FACTS UPON WHICH CLAIM IS BASED

11.   On or about August 7, 2006, Plaintiff Lenard began working for Defendant Multi-Ad as a territory manager, which required Lenard to sell Multi-Ad's products and services to manufacturers.

    **ANSWER:**   Defendant admits the allegations contained in paragraph 11.

12.   Plaintiff Lenard was employed by Defendant Multi-Ad from August 2006 until May 21, 2007, at which time Multi-Ad terminated her employment.

    **ANSWER:**   Defendant admits the allegations contained in paragraph 12.

13.   At all times relevant hereto, Barry M. Rapp ("Rapp") is and was a sales manager for Defendant Multi-Ad who acted as Plaintiff Lenard's direct supervisor. In his capacity as sales manager, Rapp was responsible for recruiting and terminating Multi-Ad employees, including Lenard.

    **ANSWER:**   Defendant admits the allegations contained in paragraph 13, sentence 1. Defendant denies the allegations contained in paragraph 13, sentence 2.

14.   During her employment with Multi-Ad, Plaintiff Lenard always met her sales quota and objectives. Lenard maintained her consistent performance even when other salespersons failed to meet their objectives.

    **ANSWER:**   Defendant denies the allegations contained in paragraph 14.

15.   In addition to her exceptional performance, Plaintiff Lenard never took a sick day during her entire employment with Defendant Multi-Ad and always accepted sales assignments that involved travel.

    **ANSWER:**   Defendant denies the allegations contained in paragraph 15.

16.   In or about February 2007, Plaintiff Lenard told Rapp, her direct supervisor, that she was pregnant. Rapp responded by saying, "Bad timing, but congratulations I guess." Rapp also advised Lenard that she should travel more during her pregnancy because, "people will feel bad for you and buy more from you."

    **ANSWER:**   Defendant denies the allegations contained in paragraph 16.

17. In May 2007, Rapp asked Plaintiff Lenard to represent Defendant Multi-Ad at a trade show on May 6, 2007 through May 8, 2007. Upon Lenard accepting the assignment, Lenard received from Multi-Ad a size medium shirt to wear at the trade show even though she was nearly six months pregnant, and thus, required a bigger shirt. The shirt that was given to Lenard barely came over her stomach, yet her supervisor, Rapp, required her to wear the shirt to the trade show.

**ANSWER:** Defendant admits the allegations contained in paragraph 17, sentence 1. Defendant denies the allegations contained in sentences 2 and 3 of paragraph 17.

18. On May 21, 2007, Rapp said to Plaintiff Lenard "Wow, you're really getting bigger." Also on May 21, 2007, Rapp told Lenard, "As of today, you are fired." When Lenard sought an explanation for her termination, Rapp told her it was not because of poor work performance. During the same conversation, Rapp told Lenard that he was interviewing another salesperson. Upon Lenard's further request for a reason for her termination, Rapp told Lenard, "I am concerned about your ability to travel."

**ANSWER:** Defendant denies the allegations contained in paragraph 18.

19. At the time of her termination, Plaintiff Lenard was nearly six (6) months pregnant.

**ANSWER:** Defendant has no knowledge of the allegations contained in paragraph 19.

20. At the time of her termination, Plaintiff Lenard was the only salesperson that reported directly to Rapp that was pregnant, and but for her improper termination would have been the only female salesperson reporting to Rapp with a child.

**ANSWER:** Defendant denies the allegations contained in paragraph 20.

21. Defendant Multi-Ad reported to the Department of Unemployment Compensation that Plaintiff Lenard was terminated because "her supervisor [Rapp] decided she could no longer do the job."

**ANSWER:** Defendant denies the allegations contained in paragraph 21.

22.  Title VII of the Civil Rights Act of 1964 prohibits discrimination "because of sex" or "on the basis of sex"; the terms "because of sex" or "on the basis of sex" include, but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions. See 42 U.S.C. § 2000e(k)

**ANSWER:** Defendant need not answer the allegations contained in paragraph 22, as they are a statement of law.

### COUNT I (Title VII Violation - Sex Discrimination)

23.  Plaintiff Lenard restates and realleges by reference paragraphs 1 through 22 above as though fully set forth herein.

**ANSWER:** Defendant restates and realleges its answers to paragraphs 1 through 22 above as those fully set forth herein.

24  Plaintiff Lenard, who was pregnant at the time Rapp terminated her employment with Defendant Multi-Ad, was improperly terminated "because of her sex" and/or "on the basis of her sex", particularly her pregnancy. See 42 U.S.C. § 2000e(k).

**ANSWER:** Defendant denies the allegations contained in paragraph 24.

25.  The actions of Defendant Multi-Ad, as described and complained of herein, are unlawful employment practices in that they likely have the effect and did have the effect of discriminating against, depriving and tending to deprive equal employment to, and otherwise adversely affected Lenard "because of" and/or "on the basis of" her sex, particularly her pregnancy, in violation of the Civil Rights Act of 1964, as amended by 42 U.S.C. § 2000e, *et seq.*

**ANSWER:** Defendant need not answer the allegations contained in paragraph 25, as they a conclusion of law.  Defendant denies engaging in unlawful employment practices.

26. Defendant Multi-Ad's conduct was outrageous, malicious, willful, wanton and intentional. Punitive damages are necessary to punish Multi-Ad and to serve as a deterrent to such conduct.

**ANSWER:** Defendant denies the allegations contained in paragraph 26.

27. The actions of Defendant Multi-Ad, through its employee-supervisor, Rapp, have caused Plaintiff Lenard great mental anguish, humiliation, degradation, inconvenience, and emotional pain and suffering all to her damage.

**ANSWER:** Defendant denies the allegations contained in paragraph 27 and demands strict proof thereof.

28. The actions on Defendant Multi-Ad have caused and continue to cause Plaintiff Lenard substantial losses wages and benefits, future pecuniary losses, and other consequential damages.

WHEREFORE, Plaintiff Bridget Lenard respectfully requests:

a. All wages and benefits the Plaintiff would have received but for the discrimination, including pre judgment interest;

b. Compensatory damages in an amount to be determined at trial to compensatory the Plaintiff for depression, humiliation, anguish, emotional distress, and defamation, cause by Defendant's conduct;

c. That Defendant Multi-Ad be required to pay prejudgment interest to the Plaintiff on these damages;

d. Award the Plaintiff punitive damages;

e. A permanent injunction enjoining Defendant Multi-Ad from engaging in the discriminatory practices complained of herein;

f. A permanent injunction requiring Defendant Multi-Ad to adopt employment practices and policies in accord and conformity with the requirements of Title VII, 42 U.S.C. § 2000e *et seq.;* and

g. An award of reasonable attorneys' fees, costs and litigation expenses.

**ANSWER:** Defendant denies the allegations contained in paragraph 28 and specifically subsections (a) through (g) and demands strict proof thereof.

WHEREFORE, Defendant, Multi-Ad Services, Inc., respectfully request that this Court dismiss Plaintiff's Complaint with prejudice and award any costs to Defendant as it sees fit.

Respectfully submitted,

By: /s/*Paul Burmeister*

One of its Attorneys

## ADDITIONAL DEFENSES

**Affirmative Defense I**

Plaintiff's claims are barred in whole or in part as she failed to file her EEOC claim within the statutory limit of 300 days. Plaintiff has exceeded the statutory limit for filing her EEOC claim, this court has no jurisdiction over the amended complaint, and in short, plaintiff has otherwise failed to comply with procedural and substantive requirements of applicable law.

**Affirmative Defense II**

Plaintiff's claims are barred in whole or in part as defendant did not discriminate against plaintiff at any time, and plaintiff has failed to plead or prove any discrimination as alleged by defendant at any time.

**Affirmative Defense III**

Plaintiff's claims are barred in whole or in part as plaintiff was discharged for poor work performance, and was not performing her job duties satisfactorily.

**Affirmative Defense IV**

Plaintiff's claims are barred in whole or in part as similarly situated employees not in the protected class have been treated similarly to plaintiff, and other similarly situated employees in the protected class have not been subject to termination.

**Affirmative Defense V**

Plaintiff's claims are barred in whole or in part because plaintiff's alleged damages was a result of preexisting or subsequent conditions which are unrelated to any alleged act attributable to defendant.

**Affirmative Defense VI**

Plaintiff's claims are barred in whole or in part because plaintiff failed to take reasonable efforts to mitigate any and all damages.

**Affirmative Defense VII**

In the event any damages are awarded against defendant, such damages are subject to all statutory limits to recovery under applicable law.

**Affirmative Defense VIII**

Plaintiff's complaint fails to state a claim upon which relief may be granted.

**Affirmative Defense IX**

Plaintiff's complaint does not describe plaintiff's claims with sufficient particularity to permit defendant to ascertain other defenses that may exist.  Therefore, defendant reserves the right to raise any and all applicable defenses pending the outcome of discovery.

WHEREFORE, having fully answered the allegations contained in plaintiff's complaint and having raised additional defenses hereto, defendant MULTI-AD SERVICES, INC. prays this Honorable Court dismiss all claims against it with prejudice, award its costs and attorneys fees occurred here herein and grant such relief as the court deems necessary and proper.

/s/*Paul Burmeister*
Paul Burmeister

PAUL BURMEISTER
HUSCH BLACKWELL SANDERS, LLC
401 Main Street, Suite 1400
Peoria, Illinois  61602-1241
Telephone:  (309) 637-4900
Facsimile:  (309) 637-4928

Case 1:08-cv-02173   Document 10   Filed 06/17/2008   Page 11 of 12